**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3789-16T1

YOLANDA CRUZ,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF CORRECTIONS,

    Defendant-Respondent.

_____

Argued May 14, 2018 — Decided June 13, 2018

Before Judges Rose and Firko.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No.
L-0239-17.

Donald C. Barbati argued the cause for
appellant (Crivelli & Barbati, LLC, attorneys;
Frank M. Crivelli, on the brief).

Elizabeth A. Davies, Deputy Attorney General,
argued the cause for respondent (Gurbir S.
Grewal, Attorney General, attorney; Jason W.
Rockwell, Assistant Attorney General, of
counsel; Elizabeth A. Davies, on the brief).

PER CURIAM

    Plaintiff, Yolanda Cruz, appeals from a March 15, 2017 order

of the Law Division confirming an arbitrator's award denying her

grievance and upholding her termination from the Department of Corrections (DOC). In light of our highly deferential standard of review, we concur with the trial court that the arbitrator's award was rational and based upon the evidence, and we affirm.

Plaintiff had been employed as a Secretarial Assistant 1 with the DOC. She worked at the New Jersey State Prison (NJSP) in Trenton and was a member of the Communications Workers of America AFL-CIO labor union. On December 9, 2014, plaintiff was served with a Preliminary Notice of Disciplinary Action seeking her suspension and discharge from employment for conduct unbecoming an employee, improper or unauthorized contact with an inmate, undue familiarity with inmates, parolees, their family or friends, and other sufficient cause. Specifically, the Notice provided as follows:

> On August 29, 2014 you brought food from outside of NJSP and provided this food to inmate M.W., apparently to celebrate his birthday. M.W. is the assigned inmate porter for your work area. Additionally, on September 28, 2014, you asked a subordinate co-worker to provide peanut butter to the same inmate. Both of these acts constitute prohibited conduct in violation of the Department's policy on Staff/Inmate Overfamiliarity. Thereafter, you attempted to influence a subordinate's account of what happened on 8/29/2014 by telling her "it's going to be my word against her" and "I'm not telling you what to do, but if I was you, I would say I was just sitting there and did not hear anything."

2

On February 4, 2015, a departmental hearing was conducted upholding the disciplinary charges and recommending removal. On April 19, 2015, plaintiff was served with a Final Notice of Disciplinary Action terminating her from employment effective December 24, 2014. The removal was appealed by plaintiff and an arbitration hearing was conducted on intermittent dates over a six-month period. The arbitrator issued a twenty-nine page written decision on October 31, 2016 denying the appeal.

The arbitrator found that plaintiff "was untruthful on a material issue in this case" with respect to her testimony that she did not intend to get lunch for inmate M.W. In reaching his decision, the arbitrator also found that M.W. credibly testified that "[plaintiff] came back, she went and got me a sandwich, got me a cheese steak." The arbitrator rejected plaintiff's claim that M.W. was disingenuous because he found plaintiff had a "propensity for untruthfulness," based upon the "overwhelming evidence." In considering the gravity of the removal, the arbitrator focused on "whether [plaintiff] knowingly violated the undue familiarity policy and was untruthful about what happened. I found she did in both instances." He further concluded that "the DOC strictly applies the undue familiarity policy" warranting termination.

Plaintiff filed a complaint in the Law Division seeking to set aside the arbitrator's decision. After conducting oral argument on March 15, 2017, Judge William Anklowitz issued an oral decision confirming the award predicated upon his finding that there was no evidence that the arbitrator procured the award by undue means, or that he exceeded his authority, or issued an award that was, in essence, not reasonably debatable.

We engage "in an extremely deferential review when a party to a collective bargaining agreement has sought to vacate an arbitrator's award." Policeman's Benevolent Ass'n, Local No. 11 v. City of Trenton, 205 N.J. 422, 428 (2011). "Generally, when a court reviews an arbitration award, it does so mindful of the fact that the arbitrator's interpretation of the contract controls." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013). "That high level of deference springs from the strong public policy favoring 'the use of arbitration to resolve labor-management disputes.'" Policemen's Benevolent Ass'n, 205 N.J. at 429 (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 275-76 (2010)). Our role "in reviewing arbitration awards is extremely limited and an arbitrator's award is not to be set aside lightly." State v. Int'l Fed'n of Prof'l & Tech. Eng'rs, Local 195, 169 N.J. 505, 513

(2001) (citing <u>Kearny PBA Local #21 v. Town of Kearny</u>, 81 N.J. 208, 221 (1979)).

Thus, judicial "review of an arbitrator's interpretation is confined to determining whether the interpretation of the contractual language is 'reasonably debatable.'" <u>N.J. Transit Bus Operations, Inc. v. Amalgamated Transit Union</u>, 187 N.J. 546, 553-54 (2006) (citations omitted). "Under the 'reasonably debatable' standard, a court reviewing [a public-sector] arbitration award 'may not substitute its own judgment for that of the arbitrator, regardless of the court's view of the correctness of the arbitrator's position.'" <u>Borough of E. Rutherford</u>, 213 N.J. at 201-02 (alteration in original) (citations omitted). Reasonably debatable means fairly arguable in "the minds of ordinary laymen." <u>Standard Oil Dev. Co. Emps. Union v. Esso Research & Eng'g Co.</u>, 38 N.J. Super. 106, 119 (App. Div. 1955).

Consistent with these several principles of deference, the New Jersey Arbitration Act provides only four statutory grounds for vacating an arbitration award:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the

hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;

d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.

[N.J.S.A. 2A:24-8.]

The United States Supreme Court has similarly articulated a public policy exception in holding that courts may not enforce collective bargaining agreements that are contrary to "well defined and dominant" public policy. W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, 461 U.S. 757, 766 (1983). New Jersey's public policy exception requires heightened judicial scrutiny for "certain arbitration awards that sufficiently implicate public policy concerns." Weiss v. Carpenter, 143 N.J. 420, 429 (1996). "A court may vacate such an award provided that the 'resolution of the public-policy question' plainly violates a clear mandate of public policy." N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 294 (2007) (citation omitted). Usage of this public-policy exception should be limited to "rare circumstances." Tretina v. Fitzpatrick & Assocs., 135 N.J. 349, 364 (1994).

Judge Anklowitz properly recognized his narrow analytical focus and determined that "the arbitrator is [a] in a far superior position" in terms of credibility determinations. The judge also found no evidence of any of the improprieties specified in N.J.S.A. 2A:24-8(a) through (d). As Judge Anklowitz soundly concluded, the determination of the arbitrator was unassailable, in terms of findings that were "rational, intelligent reasons why [plaintiff] was not found to be credible". The court reasoned that the arbitrator appropriately dealt with evidentiary issues resulting in a fair adjudication.

We have considered plaintiff's other arguments and found them to be without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3789-16T1